IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT COVINGTON

| | |
|---|---|
| RICHARD L. SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. _____ |
| ) | |
| CSX TRANSPORTATION, INC., ) | |
| a corporation, ) | |
| ) | |
| Defendant. ) | |

**COMPLAINT**

**I. PARTIES AND JURISDICTION**

1. The Plaintiff, Richard L. Smith, is a resident of Butler, Pendleton County, Kentucky.

2. The Defendant, CSX Transportation, Inc., is a foreign corporation which conducts business in Covington, Kentucky.

3. The Defendant, CSX Transportation, Inc., is a common carrier by railroad engaged in the business of operating a railroad in interstate commerce for hire for the purpose of carrying freight in interstate commerce.

4. The Plaintiff, Richard L. Smith, at all times referred to herein, was an employee of the Defendant, CSX Transportation, Inc., and were acting within the line and scope of her employment for the Defendant. The Plaintiff's duties of employment for the Defendant were in furtherance of interstate commerce or directly or closely affected interstate commerce.

5. The Plaintiff's claims against the Defendant are brought pursuant to the provisions of the Federal Employers' Liability Act, 45 U.S.C., §51, _et_ _seq_. This Court has federal question jurisdiction pursuant to 28 U.S.C. §1331, in that this is an action arising under the laws of the United States.

6. The incident which is the subject of this action occurred in Cincinnati, Ohio.

## II.  FACTS

7. On March 22, 2010, the Plaintiff was working as a hump foreman on a railroad job working in the Queensgate Yard of the Defendant in Cincinnati, Ohio. After reporting to work that morning, Mr. Smith attempted to open the door on his locomotive engine to begin his day's work.

8. The door on the locomotive engine was defective. It had been reported as being defective on multiple occasions. In order to get the door to open, it was necessary to either kick it with your foot or pull it open with significant force.

9. When Mr. Smith attempted to pull the door open, it did not move, and Mr. Smith immediately felt a sharp pain in his shoulder.

10. The sharp pain in his shoulder turned out to be a serious injury to the internal structures of his shoulder and neck. As a result, Mr. Smith has undergone surgery and has suffered a severe and permanent injury.

## III.  FIRST CAUSE OF ACTION

11. The Plaintiff avers that all of his above mentioned injuries and damages were proximately caused, in whole or in part, by the negligence of the Defendant, CSX Transportation, Inc., its agents, servants, or employees while acting within the line and

scope of their employment for said defendant or by reason of a defect or insufficiency due to its negligence in its locomotive engines, maintenance practices, inspection practices, and safety practices at the time and place where the Plaintiff suffered his above mentioned injuries and damages.

## IV.  SECOND CAUSE OF ACTION

12.     The Plaintiff further avers that all of his injuries and damages were caused, in whole or in part, by the negligent failure of the Defendant, CSX Transportation, Inc., to use reasonable care to provide to the Plaintiff a reasonably safe place for the Plaintiff to perform his work and labor for said defendant.

## V.  THIRD CAUSE OF ACTION

13.     All of the Plaintiff's injuries and damages were proximately caused, in whole or in part, by a violation by the defendant railroad of that Act of Congress commonly referred to as the Boiler Inspection Act or Locomotive Inspection Act, 49 U.S.C. § 20701, in that the defendant railroad allowed a locomotive to be used on its railroad line when its parts and appurtenances were not in proper condition and safe to operate without unnecessary danger of personal injury.

## VI.  DAMAGES

14.     The Plaintiff avers that as a result of the injuries he has suffered she seeks to recover the following elements of damages:

    (1)     Past and future lost wages and fringe benefits;

    (2)     Past and future medical expenses;

    (3)     Past and future physical pain and mental anguish;

  (4)  Inability to carry out the usual and normal activities of life;

  (5)  Permanent physical disability; and

  (6)  They were otherwise injured.

15. As damages, the Plaintiff seeks to recover a sum to fully and fairly compensate him for his injuries. The Plaintiff's damages and the amount he seeks to recover is in excess of Five Hundred Thousand ($500,000.00) Dollars.

## VII. JURY DEMAND

16. The Plaintiff demands trial by jury.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff brings this Complaint against the Defendant and requests this Honorable Court to enter a judgment in excess of Five Hundred Thousand ($500,000.00) Dollars and request all other relief, both general and special, as mandated by the premises, and as justice may require. Your Plaintiff also demands a jury to try this case.

                *s/James H Wettermark*
                James H. Wettermark
                Wettermark & Keith, LLC
                2101 Highland Avenue S., Suite 700
                Birmingham, AL 35205
                205-933-9500
                205-212-9500 (facsimile)
                james@wkfirm.com